No. 26-1803

---

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

VIAMIN ENERGY, INC.,

Plaintiff-Appellant,

v.

MANOJ BHARGAVA,
LIVING ESSENTIALS, LLC;
INTERNATIONAL IP HOLDINGS, LLC;
and INNOVATION VENTURES, LLC,

Defendants-Appellees.

---

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 2:24-cv-13125
The Honorable Jonathan J.C. Grey

---

# APPELLEES' MOTION TO FILE UNDER SEAL


Martha J. Olijnyk
Kevin J. Watts
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
mjo@millerlawpc.com
kjw@millerlawpc.com

Matthew Powell
OAKLAND LAWYERS GROUP, PLLC
38955 Hills Tech Drive
Farmington Hills, MI 48331
(248) 536-3282
mpowell@oaklandlawyersgroup.com


Dated: November 6, 2026

## APPELLEES' MOTION TO FILE UNDER SEAL

Appellees move this Court for leave to file under seal an unredacted version of their Appellees' Brief due by December 3, 2026. Appellees intend to include in their Brief excerpts and related discussion of certain confidential agreements entered into by Appellee Living Essentials, LLC and various third-party retailers (the "Agreements"). The Agreements were filed under seal below pursuant to orders of the district court, and they are at the center of Appellant's claims on appeal.

This case arises from Appellant's allegations that the Agreements violate the Sherman Act, 15 U.S.C. §2. Appellant appeals the district court's dismissal of those claims following Appellees' Motion to Dismiss.

The Agreements contain confidential pricing information between Living Essentials and the retailers, and, as such, include confidentiality provisions. The district court entered a Stipulated Protective Order to enable the parties to petition the court to protect such confidential information from disclosure. (R.13, PgID 100-101) Accordingly, the district court entered Orders allowing the Agreements, as well as the parties' associated (unredacted) briefing on the Motion to Dismiss, to be filed under seal. (*See* R.18, PgID 393; R.25, PgID 740) The Agreements, and the unredacted Motion to Dismiss briefing below, are included in the sealed record. (*See* R.17, Sealed Motion to Dismiss with sealed Exhibits 1, 2, 3, and 12; R.22, Sealed Response to Motion to Dismiss; R.26, Sealed Reply in Support of Motion to

Dismiss) Redacted versions of the Motion to Dismiss briefing are also in the record. (*See* R.19, Motion to Dismiss (redacted); R.20, Response to Motion to Dismiss (redacted); R.27, Reply in Support of Motion to Dismiss (redacted)).

The sealing of Appellees' Brief is appropriate here for multiple reasons. The right of the public to access judicial records "is not absolute." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). And this Court recognizes that "certain privacy rights of participants" are significant interests which can outweigh the public's right to access. *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (additional citations omitted). This Court has also recognized the need to prevent disclosure of information provided by "third parties who were not responsible for the initiation of the underlying litigation." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477 (6th Cir. 1983).

Here, the Agreements at issue contain confidential pricing information which both Appellee Living Essentials and three non-party retailers deem confidential business information—the public disclosure of which could adversely affect their business interests. Moreover, none of the retailers who are parties to the Agreements either initiated or are otherwise parties to this case.

Further, the publicly-filed, redacted Motion to Dismiss briefing, as well as the district court's associated Orders, provide information necessary to inform the public of the nature of the dispute and to evaluate the parties' respective positions.

## CONCLUSION AND REQUESTED RELIEF

Although Appellant's Brief includes no quotes or excerpts from the Agreements at the center of its appeal, Appellees intend to provide this Court with a detailed discussion and analysis of the Agreements in their Appellees' Brief to best aid the Court's consideration of this case. In so doing, Appellees seek to protect their and the third-party retailers' confidential information, as well as remain consistent with the letter and spirit of the district court's Orders, while ensuring the public remains appropriately informed.

Appellees therefore respectfully request that the Court grant their motion and allow them to file under seal an unredacted version of their Appellees' Brief, and a redacted version in the public record. Appellees will endeavor to redact no more information than is necessary to honor and balance both their confidentiality commitments and the public right of access.

Respectfully submitted,

Dated: November 6, 2026

*<u>/s/ Kevin J. Watts</u>*

Martha J. Olijnyk
Kevin J. Watts
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
mjo@millerlawpc.com
kjw@millerlawpc.com
Attorneys for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing Appellees' Motion to File Under Seal with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the Appellate CM/ECF system.

I further certify that all counsel of record are registered CM/ECF users and that service will be accomplished by the Appellate CM/ECF system.

Dated: November 6, 2026

*/s/ Kevin J. Watts*

Martha J. Olijnyk
Kevin J. Watts
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
mjo@millerlawpc.com
kjw@millerlawpc.com
Attorneys for Appellees